110 Ill. App.2d 254 (1969)
249 N.E.2d 241
North Federal Savings & Loan Association, a Corporation of the U.S.A., Plaintiff-Appellee,
v.
Richard A. Tokoph and Margaret Tokoph, et al., Defendants-Appellants.
Gen. No. 53,269.
Illinois Appellate Court  First District.
May 16, 1969.
Harold A. Liebenson, Edward G. Raszus, and Meyer M. Gilbert, of Chicago, for appellants.
Eley & Rusher, of Chicago (Lommen D. Eley, of counsel), for appellee.
*255 STOUDER, P.J.
On August 16, 1966, North Federal Savings & Loan Association, Plaintiff-Appellee, commenced this mortgage foreclosure action in the Circuit Court of Cook County, seeking foreclosure of several parcels of land in Chicago in which Richard Tokoph and Margaret Tokoph, Defendants-Appellants, owned the beneficial interest.
The defendants filed their appearance but did not answer the complaint. Pursuant to due notice, a decree of foreclosure and sale was entered on December 14, 1966, by default. Within 30 days defendants moved to vacate the foreclosure decree which motion was denied on March 19, 1968, and it is from the denial of such motion that this appeal follows.
The substance of the motion to vacate is that foreclosure was improperly decreed because the parties had agreed to a transfer of the properties in lieu of foreclosure. From the affidavits, documentary exhibits and testimony it appears that prior to the entry of the foreclosure decree, Meyer Gilbert, attorney for defendants, and Robert Rusher, attorney for plaintiff, (also a member of plaintiff's Board), negotiated for a transfer of the properties in lieu of foreclosure. It is undisputed that Rusher by letter, offered to accept transfer of the properties in lieu of foreclosure with defendants being released from personal liability on their obligation secured by the mortgages. According to Gilbert, this offer was accepted by his letter of December 12, 1966, but according to Rusher the offer was rejected by Gilbert's letter of December 3, 1966, offering to accept as additional consideration $3,000. The dispute in the evidence deals mainly with whether the December 3 letter was a counterproposal or not. The Chancellor concluded that defendants had made a counterproposal, which constituted a rejection of plaintiff's offer, thereby terminating such *256 offer and precluding its later acceptance. This counterproposal was not accepted by plaintiff.
In their appeal defendants raise no question of the propriety of the Chancellor's order so far as the merits of the case are concerned. Rather, defendants argue, the Chancellor erred in denying their motion for a continuance, thus preventing them from fully presenting their evidence.
The testimony of Rusher as an adverse witness was presented at hearings on April 17, 1967, August 14, 1967, and January 8, 1968. Gilbert also testified on January 8. Between January, 1967, and January 8, 1968, defendants' counsel had requested and secured numerous continuances. On January 8, 1968, hearing was continued until the afternoons of March 18 and 19, 1968, these dates being preferred by Gilbert in preference to earlier dates suggested by the Chancellor in order that the dates not conflict with Gilbert's vacation. During these hearings defendants were represented by Philip Aimen, an associate of Gilbert's.
On March 14, 1968, defendants' counsel gave due notice that on the morning of March 18, 1968, he would request a continuance. Plaintiff's counsel also served notice that he would oppose such motion and request that the hearing proceed. On the morning of March 18, the Chancellor considered the motion, supporting affidavit of Aimen and a letter and telegram from Gilbert to Aimen. Aimen's affidavit indicated that Gilbert was unavailable because on vacation. The telegram dated March 3, 1968, indicated that on the advice of his doctor he would not return until March 25. The letter dated March 13, 1968, referred to "circumstances beyond my control" and requested that Aimen secure a continuance until April. Plaintiff opposed the granting of the continuance and the motion, therefore, was denied and it is the order denying such continuance which defendants claim constitutes reversible error.
*257 At the hearing on the afternoon of March 18, 1968, the testimony of Richard Tokoph was presented. After arguments of counsel were heard, the court denied defendants' motion to vacate the foreclosure decree.
Defendants argue that in a mortgage foreclosure proceeding they should have been given full opportunity to present all necessary evidence as a safeguard and protection from the harsh consequences of foreclosure action. More particularly, defendants argue that because they were not afforded an opportunity to present further testimony of Gilbert the action of the Chancellor was unreasonable, arbitrary and prejudicial. Thus the only question before us is the propriety of the Chancellor's order denying defendants' request for a continuance.
Present Supreme Court Rule 231 (former rule 14) dealing with motions for continuances, provides "(a) Absence of Material Evidence. If either party applied for a continuance of a cause on account of the absence of material evidence, the motion shall be supported by the affidavit of the party so applying or his authorized agent. The affidavit shall show (1) that due diligence has been used to obtain the evidence, or the want of time to obtain it; (2) of what particular fact or facts the evidence consists; (3) if the evidence consists of the testimony of a witness, his place of residence, or if his place of residence is not known, that due diligence has been used to ascertain it; and (4) that if further time is given the evidence can be procured. (b) When Continuance Will be Denied. If the court is satisfied that the evidence would not be material, or if the other party will admit the affidavit in evidence as proof only of what the absent witness would testify to if present, the continuance shall be denied unless the court, for the furtherance of justice, shall consider a continuance necessary."
Defendants admit that their motion for continuance and affidavit do not comply with Rule 231(a). Specifically, *258 the affidavit contains no indication of any facts to which the absent witness would testify. Defendants seek to avoid the consequences of this infirmity by insisting first, that the procedure, being equitable, stringent rules are not necessarily applicable and second, the rule should not be applied if injustice will result.
[1] We are unaware of any authority and defendants have called none to our attention, suggesting that the basis for granting a continuance is not any different in an equitable proceeding than in one at law. No distinction appears in Rule 231. The expeditious resolution of disputes is common to all judicial proceedings and we perceive no reason why the rules relating thereto are not equally applicable to equitable proceedings and proceedings at law.
[2] There is no doubt but that an orderly judicial system requires flexibility atune to the complexities of the problems which it is designed to serve. Rule 231(a) and (b) recognizes that the unavailability of evidence is one of those circumstances which may be beyond the control of the parties or their counsel and a delay may be required to afford a fair trial to the parties. Such rule also recognizes, by necessary implication, that delay may be unfair to the opposing party. The purpose of the rule is to avoid prejudice or unfairness to either party and the requirements of the rule are designed to provide an appropriate basis for the exercise of the trial court's discretion. The unavailability of a prospective witness even though due to excusable cause such as illness, need not and should not be an appropriate reason for delay. It must also appear that the prospective witness's testimony would be material to the issues involved. Otherwise the only conclusion warranted would be that delay is being sought for its own sake and not to avoid prejudice. In Coleman v. Toohey, 48 Ill. App.2d 75, 198 NE2d 580, the court discusses and cites other Illinois cases dealing with *259 the problem of delay and affirmed the denial of a continuance which resulted in the dismissal of a cause of action for want of prosecution. See also, Debolt v. Wallace, 56 Ill. App.2d 380, 206 NE2d 469, where on the final day of trial, defense counsel orally moved for a continuance to the next day for the purpose of securing the testimony of an orthopedic surgeon. The court, in affirming the denial of such motion, concluded that if no written motion and affidavit were filed there could be no abuse of discretion.
[3] In the instant case, the motion and supporting documents fail to show the materiality of Gilbert's further testimony, thereby warranting the exercise of the trial court's discretion. Furthermore, the record fails to demonstrate that any prejudice in fact occurred. Hearings had extended over a period of nearly fourteen months from the date issues were joined. Defendants' counsel had sought and secured numerous continuances. Yet the issues involved only the testimony of three persons, two of whom were attorneys. Gilbert had previously testified, and from the record it would appear that his testimony included all of the facts covered in his affidavit. When the hearing resumed on the afternoon of March 18, 1968, the court stated, "Well, the movant's witness, Mr. Gilbert, had been on the stand on direct examination at the last hearing, and, as I understood, counsel had concluded his direct examination and you were to proceed with the cross examination of Mr. Gilbert today." This "understanding" of the court was not directly contradicted by Aimen and even at this late stage in the proceeding, defendants' counsel made no effort to show either by way of argument, offer of proof or otherwise, any additional facts to which Gilbert could or would have testified. Under the circumstances, we conclude that no error was committed when the court denied defendants' motion for continuance.
*260 For the foregoing reasons the judgment of the Circuit Court of Cook County is affirmed.
Judgment affirmed.
ALLOY and RYAN, JJ., concur.