Thomas Perfect, Plaintiff-Appellee, v. Charles Kaley, Defendant-Appellant.

Gen. No. 52,758.

First District, Third Division.

October 1, 1970.

Joseph A. Bailey and Jerome H. Torshen, of Chicago, for appellant.

Philip E. Howard, of Chicago (William J. Harte, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Plaintiff brought this action to recover for personal injuries sustained when his truck was struck by defendant's automobile. A jury returned a verdict in favor of plaintiff in the amount of $37,500, and judgment was entered thereon. On appeal, defendant contends that the trial court committed reversible error in giving a certain instruction to the jury, and also that plaintiff's closing argument was so improper and prejudicial as to require reversal.

Because of the nature of the arguments on appeal, we consider it necessary to refer only briefly to the facts of the accident. The collision occurred on July 5, 1961, at an intersection in Chicago. Defendant testified at trial that he stepped on the accelerator instead of the brake, and as a result, his automobile went through a red light and struck plaintiff's truck. We shall discuss plaintiff's injuries, his physical condition and the pertinent medical testimony in more detail.

Plaintiff's back was injured in 1956, but he testified that it returned to normal in about two months. Plaintiff again injured his back at work in January 1961, some six months before the accident in question. A laminectomy was performed on him as a result of that injury. Plaintiff testified that he returned to work after the operation in May 1961, and a month later was experiencing no difficulties with his back.

After the collision in question, plaintiff testified that he was thrown from the driver's seat and onto the floor. When he arose, his neck and head were sore and painful. A clinic doctor could find nothing wrong with him, but referred him to the doctors who had performed the laminectomy, and plaintiff was hospitalized. Plaintiff continued to suffer pain, was advised not to drive, and returned to work as a dispatcher in December 1961. He resumed driving a truck in 1964, but still had pain in his back and leg at the time of trial.

Doctor Francisco Sarmiento testified for plaintiff that he and Doctor Dekowski, a neurosurgeon, had performed the laminectomy on plaintiff in February 1961. Prior to the operation, plaintiff walked with a limp because certain reflexes in his left leg were missing. After the operation, plaintiff's reflexes returned; he walked without a limp and had no complaints. Doctor Sarmiento next treated plaintiff on July 7, 1961, a few days after the accident in question. His examination revealed that one of plaintiff's reflexes in the left leg again was missing. He last treated plaintiff in September, 1961.

Doctor Allan Hirschtick testified in behalf of plaintiff that he examined him in 1965 and again shortly before trial. Plaintiff had tenderness in his lower back along with a restriction in bending. His left ankle reflex was missing; he had atrophy of the left leg; and there was a fibrillary twitching in the calf muscles. Doctor Hirschtick also testified that in his opinion there was a causal connection between plaintiff's physical condition at the time of trial and the injuries arising out of the instant accident. He further testified that plaintiff would require additional surgery.

Doctor Joseph Cascino testified as an expert witness for defendant. He had not examined plaintiff, but in his opinion there was no causal connection between plaintiff's physical condition and the instant accident. However, he believed that it was possible that the accident aggravated the original injury.

Doctor Steven Dekowski testified in behalf of defendant that he had examined plaintiff and had performed the laminectomy on him. He believed that plaintiff's present physical condition may have been caused by the instant accident; it may have been a recurrence of the original injury; or it may have resulted from a combination of the original injury and this accident. Doctor Dekowski also testified that when there is a complete recovery from the surgery, as in this case, a recurrence of ill-being is ordinarily caused by new trauma.

Defendant's first contention is that the trial court committed reversible error in giving the following instruction to the jury:

> "If you decide that the defendant was negligent and that his negligence was a proximate cause of injury to the plaintiff, it is not a defense that something else may also have been a cause of the injury."

The instruction given was the first paragraph of IPI 12.05 (Revised). The instruction is found in the section of IPI covering "Negligence-Risk-Misconduct-Proximate Cause." The specific subsection of IPI in which the instruction is found is entitled "Specific Factors Affecting Negligence and Contributory Negligence."

Defendant maintains that the instruction may be given only when there is a possible third party cause of an occurrence and argues that it does not apply to the existence of a prior condition of ill-being or to the prior physical condition of the plaintiff. Defendant also argues that the facts in the case did not support the giving of the instruction, and that the instruction was confusing to the jury.

■■ We find that the trial court did not err in giving the instruction relating to some other cause of plaintiff's injury. In view of the evidence presented and the

contentions advanced by the parties at trial, this instruction was proper. Defendant denied liability, but testified that he drove through a red light and struck plaintiff's truck. Thus, the primary issue at trial was not liability, but whether the physical condition of plaintiff subsequent to the accident of July 5, 1961, was attributable to that accident. It was plaintiff's contention that all of his physical problems after that date were caused by the instant accident. The defense at trial was predicated entirely on the theory that plaintiff's condition of ill-being resulted from the prior injuries and surgery. Consequently, it was proper to give an instruction to the jury which informed them that if they decided that defendant was negligent and further found the negligence to have been the proximate cause of plaintiff's injury, then it would not be a defense that something else may also have been a cause of the injury. The instruction accurately informed the jury that where the result of an accident was to activate an injury to which an injured person was predisposed, the defendant was liable for the entire damages which ensued. Where an injury proceeds from two causes operating together, the party putting in motion one of them is liable the same as though it were the sole cause. Fisher v. Chicago, R. I. & P. Ry. Co., 290 Ill 49, 124 NE 831 (1919). And in Romine v. City of Watseka, 341 Ill App 370, 91 NE2d 76 (1950), at p 378, the court stated that "the cause of an injury is that which produces it. A condition is a situation which provides an opportunity for the accident to happen in the particular manner it did." Clearly, in the case at bar, a bona fide issue as to the causation of injury existed, and, in fact, was the primary issue at trial. The trial court did not err in giving the instruction.

Defendant also argues that there was no evidence to support the instruction. We do not agree. Plaintiff and Doctor Sarmiento testified that he had made a complete recovery from the previous injuries and surgery. Doctor Dekowski testifying for defendant also stated that plaintiff had recovered from the laminectomy. There was evidence presented by plaintiff that there was a causal connection between his physical condition and

the accident, while defendant presented the testimony of Doctor Cascino that there was no connection. Obviously, there was evidence presented by both sides as to the cause of plaintiff's injuries.

■ We further find that the instruction in question could not have been confusing to the jury. The jury was instructed properly on damages. The court gave the damages instruction from IPI directing the jury to compensate plaintiff only for damages proved by the evidence to have resulted from defendant's negligence, and also gave IPI Instruction 30.03 relating to the aggravation of a preexisting condition. The jury could not have confused the instruction relating to cause of injury and the instructions dealing with damages.

Defendant next contends that plaintiff's closing argument was so improper and prejudicial as to require reversal. In support of this contention, defendant cites four remarks made by counsel for plaintiff during closing argument.

■ Defendant first charges as error remarks made by plaintiff concerning the instruction discussed above. Since the giving of the instruction was proper, it was permissible for plaintiff to discuss it in closing argument.

■ Defendant also maintains that plaintiff argued that defendant declared open season on Purple Heart veterans, thus attempting to equate plaintiff with such status and at the same time accusing defendant of heartlessness.

During closing argument, defendant argued that plaintiff was not entitled to anything because of his prior injury. In rebuttal, plaintiff stated as follows:

> "Just think of the fellows that served in the services, and came back from the wars with a disability. In effect, then, if you follow Mr. Hourigan, as the Government says, they give them a Purple Heart for having sustained the injuries, but they say that from now on everyone else has open season on them because whoever else hurts them — — —"

Defendant objected; the trial court overruled the objection, holding that the statement was merely an analogy.

We agree with the ruling of the trial court. The remark did not accuse defendant of heartlessness nor did it attempt to place plaintiff in the position of a wounded veteran. Plaintiff was responding to defendant's argument by contending by means of analogy that defendant had to accept plaintiff as he found him, and could not escape responsibility by showing plaintiff's susceptibility to injury.

Defendant also maintains that it was improper for plaintiff's counsel during rebuttal argument to state that plaintiff had to hold two jobs. The evidence had disclosed that plaintiff had worked a separate weekend job for about six weeks while employed as a truck dispatcher. In his closing argument, defendant's counsel asked the jury if they needed two jobs and pointed out that plaintiff had two jobs at one time. We are not persuaded that plaintiff erred in replying to that argument by stating that plaintiff had to hold two jobs.

Defendant finally contends that reversible error occurred when counsel for plaintiff stated during rebuttal argument that defense counsel had accused him of lying. An examination of the record reveals that a substantial portion of defendant's closing argument was spent in attacking the credibility of everyone connected with plaintiff's case. Thus, defendant cannot complain when plaintiff's counsel mentioned in rebuttal that the defense had accused him of lying.

Accordingly, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.