66 Ill. App.3d 394 (1978)
384 N.E.2d 30
FIRST NATIONAL BANK & TRUST COMPANY OF EVANSTON, Trustee, Plaintiff-Appellant,
v.
ANNA MAE SOUSANES et al., d/b/a Elegance Boutique, Defendants-Appellees.
Nos. 77-1244, 77-1703 cons.
Illinois Appellate Court  First District (1st Division).
Opinion filed October 30, 1978.
Tenney & Bentley, of Chicago (Austin L. Wyman, Jr., F. James Helms, and Richard G. Barrier, of counsel), for appellant.
Michael F. Harvey, of Chicago, for appellees.
Reversed and remanded.
Mr. JUSTICE McGLOON delivered the opinion of the court:
In January of 1973 the National Boulevard Bank of Chicago (hereinafter referred to as National Boulevard), as trustee of a trust *395 agreement, and the defendants, Sousanes and Grevan, doing business as Elegance Boutique, a partnership, entered into a 10-year lease agreement for the rental of premises located in the Indian Trails Family Shopping Center in Palos Heights, Illinois. Subsequent to the execution of that lease, National Boulevard filed a complaint against the defendants under the forcible entry and detainer act (Ill. Rev. Stat. 1977, ch. 57, par. 1 et seq.) to recover possession of the premises and rent allegedly due from defendants. National Boulevard later amended this complaint to increase the amount of rent due and to request costs and attorneys' fees. After National Boulevard filed its amended complaint, the First National Bank and Trust Company of Evanston (hereinafter referred to as First National) filed a motion alleging that all rights under the lease and title to the premises covered by the lease had been transferred from National Boulevard to First National. The motion requested that First National be substituted as party plaintiff in lieu of National Boulevard. The trial court ordered that the motion be granted and gave leave to First National to file an amended complaint reflecting the substitution of plaintiff. Defendants then filed a motion to dismiss the cause of action. In their motion defendants alleged that the order of substitution was based on plaintiff's representation that the beneficiaries were changed during the pendency of this lawsuit, that this representation was false, and that plaintiff knew or should have known of its falsity. Defendants further alleged that First National served as trustee in December of 1976, prior to the institution of the suit. The trial court, after hearing arguments of counsel, granted defendants' motion and ordered that the cause be dismissed. It is from that order that plaintiff now appeals.
On appeal, plaintiff's sole contention is that the substitution of plaintiff did not constitute grounds for dismissal of the instant lawsuit.
We reverse and remand.
Before reaching plaintiff's contention, we note that appellees have filed no brief on appeal. Instead, they have moved in this court to adopt the appellant's brief and excerpts of record as the brief and excerpts of record for the appellees. We allow the motion.
The only reason appearing of record for the trial court's decision granting the motion to dismiss is that alleged in the motion itself, viz., that at the time the complaint was filed all rights in the lease and title to the premises had been transferred to First National and that plaintiff knew or should have known that fact. It is also clear that the trial court in granting the motion to dismiss concluded that the motion requesting for substitution of plaintiff was erroneously allowed.
Section 26 of the Civil Practice Act provides as follows:
"No action shall be dismissed for misjoinder of parties, or dismissed for nonjoinder of necessary parties without first affording reasonable opportunity to add them as parties. New *396 parties may be added and parties misjoined may be dropped by order of the court, at any stage of the cause, before or after judgment, as the ends of justice may require and on terms which the court may fix." Ill. Rev. Stat. 1977, ch. 110, par. 26.
After reviewing the record and appellant's brief, we conclude that the motion to substitute plaintiff was properly granted and that the ends of justice require a vacatur of the trial court's order of dismissal. Section 46(1) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 46(1)) provides in relevant part:
"(1) At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, discontinuing as to any plaintiff or defendant * * * which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross demand."
 1, 2 Although a motion to amend the pleadings is addressed to the sound discretion of the trial court, the greatest liberality should be applied in allowing amendments with the paramount consideration being whether the amendment furthers the interests of justice. (Blazina v. Blazina (1976), 42 Ill. App.3d 159, 356 N.E.2d 164.) Amendments during or on the eve of trial should not ordinarily be permitted if such amendments concern matters which the pleader knew at the time the original pleading was filed and for which the pleader offers no good reason for not having pleaded the matter in the original pleading. (Mundt v. Ragnar Benson, Inc. (1974), 18 Ill. App.3d 758, 310 N.E.2d 633.) Other factors to consider in determining whether or not a motion to amend the pleadings should be allowed are prejudice and surprise to the other party. Baird & Warner, Inc. v. Ruud (1976), 45 Ill. App.3d 223, 359 N.E.2d 745.
 3 In the instant case, plaintiff's motion to substitute was filed on June 7, 1977, almost two months prior to the July 31, 1977, date set for trial. The motion was not made during or on the eve of trial. Moreover, defendants alleged no surprise or prejudice in their motion to dismiss, nor did they request additional time to prepare any additional defenses. Under these circumstances, even assuming plaintiff knew or should have known the proper party in interest prior to the filing of the lawsuit, we believe that the motion to substitute plaintiff was properly allowed and that plaintiff's cause of action was erroneously dismissed. We therefore reverse the trial court's order dismissing the cause of action and remand the cause for trial.
Order reversed; cause remanded.
O'CONNOR and BUCKLEY, JJ., concur.