GIROLAMA BIUNDO, Adm'r of the Estate of Michele Biundo, Deceased, Plaintiff-Appellant, *v.* CHRIST COMMUNITY HOSPITAL *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 80-2340

Opinion filed March 2, 1982.

Leonard M. Ring and Associates, of Chicago (Leonard M. Ring and Judith E. Fors, of counsel), for appellant.

Cassiday, Schade & Gloor, of Chicago (John D. Cassiday and Bruce M. Wall, of counsel), for appellee Christ Community Hospital.

Baker & McKenzie, of Chicago (Francis D. Morrissey, John T. Coleman, and John T. Rank, of counsel), for appellee Frank K. DeVincenzo, M. D.

JUSTICE HARTMAN delivered the opinion of the court:

This was a damage action brought against defendants, a physician and hospital, because of their allegedly negligent treatment of plaintiff's deceased husband, Michele Biundo. Biundo was a patient at defendant Christ Community Hospital on February 22, 1973, where he underwent a laminectomy performed by defendant, Dr. Frank DeVincenzo. On February 26, 1973, Biundo's body was found at about 11 p.m. lying on a parapet over an entranceway below his hospital room window from which plaintiff claimed that decedent jumped or fell to his death.

Plaintiff attempted to show, during a jury trial, that Biundo, neglected by Dr. DeVincenzo and the hospital staff, was driven to jump or fall through the window by the excessive pain he experienced after his operation. Dr. DeVincenzo was granted a directed verdict at the close of plaintiff's case, and the jury rendered a verdict for the hospital. Plaintiff appeals from judgments entered thereon and from the trial court's denial of her motion to amend her complaint. She raises as issues whether: the trial court erred in directing a verdict in favor of Dr. DeVincenzo; allegedly repeated misconduct by the hospital's attorney denied plaintiff a

fair trial; the jury was properly instructed; and the trial court erred in denying plaintiff leave to amend her complaint. For the reasons which follow, we affirm.

Material evidence relevant to the issues raised on appeal will be discussed in the body of the opinion.

## I

Dr. DeVincenzo's motion for a directed verdict was granted on the ground that no breach of any standard of medical care had been established by plaintiff as to him. Plaintiff produced an expert witness, Dr. Adolph Gerol, a neurosurgeon, who testified that defendant hospital failed to exercise the standard of care applied by similar hospitals in the community. Dr. Gerol also testified "very surprisingly," according to plaintiff, that defendant doctor was guilty only of an "error in judgment." Plaintiff argues that in directing a verdict for Dr. DeVincenzo the trial court erred because: the standard of care established for the hospital by Dr. Gerol should apply to Dr. DeVincenzo; plaintiff was not required to introduce expert medical testimony to establish a breach by the doctor of a standard of care in any event, citing *Gorman v. St. Francis Hospital* (1965), 60 Ill. App. 2d 441, 208 N.E.2d 653, and *Anderson v. Martzke* (1970), 131 Ill. App. 2d 61, 266 N.E.2d 137; and, Dr. Gerol's testimony that Dr. DeVincenzo used reasonable skill for a neurosurgeon is not dispositive, since that conclusion was based upon Dr. Gerol's belief that Dr. DeVincenzo had not been informed of some of Biundo's behavior, which determination is properly a jury question. We disagree.

■■ The issue of medical malpractice in this case revolves around whether defendant doctor took action appropriate to his knowledge of his patient's condition. The expert's knowledge of the situation was conveyed to him through plaintiff's articulation of a hypothetical question containing what she deemed to have been the essential facts. It was upon this question that Dr. Gerol's opinion was based and on which he concluded that defendant doctor had met the professional standards of care of a neurosurgeon. That answer is claimed to have surprised plaintiff. Dr. Gerol's explication of his opinion was tested by adding further facts to the hypothetical question; yet, he came to the same conclusion, adding that when defendant doctor observed decedent that night, the latter had been given seconal, a sedative, shortly before the visit, "* * * and what the doctor saw was not what the nurses saw * * * a patient lying there quietly in bed." Such testimony, without countervailing evidence adduced by plaintiff, was a sufficient basis upon which the trial court could properly direct the verdict. We find no error.

■■ Plaintiff's assertion that no expert opinion was necessary in order to have had the case submitted to the jury is without foundation. Unless the

matter is within the common knowledge of the layman, expert medical testimony is necessary to establish a prima facie case, in order to show a want of care which caused the injury. (*Kwak v. St. Anthony De Padua Hospital* (1977), 54 Ill. App. 3d 719, 369 N.E.2d 1346; *Graham v. St. Luke's Hospital* (1964), 46 Ill. App. 2d 147, 196 N.E.2d 355.) The question posed by the instant case, namely, whether a reasonably skillful physician should have considered Biundo as a potential suicide risk, is much farther removed from the layman's ken than the issues found in *Gorman v. St. Francis Hospital* and *Anderson v. Martzke*, on which plaintiff relies; it is one which requires expert testimony as an aid to the fact finders. *Dimitrijevic v. Chicago Wesley Memorial Hospital* (1968), 92 Ill. App. 2d 251, 259-60, 236 N.E.2d 309.

## II

Plaintiff next argues she was prejudiced by improper conduct of counsel for the hospital. Some of the allegedly improper conduct included comments regarding the existence of a lawsuit against the hospital brought by one of plaintiff's witnesses; allegedly inflammatory remarks made by counsel for the hospital, among which were previous court appearances by Dr. Gerol; and defendant's statements regarding the toxicologist's report. In each of the foregoing instances, however, no objection was made by plaintiff at trial and such conduct therefore cannot be reviewed on appeal. *Mulvey v. Illinois Bell Telephone Co.* (1973), 53 Ill. 2d 591, 598, 294 N.E.2d 689; *Joynt v. Barnes* (1979), 71 Ill. App. 3d 187, 204, 388 N.E.2d 1298.

■■■ Objections were made, however, to other episodes of alleged misconduct. One of those complained of was defense counsel's argument to the effect that plaintiff sympathetically questioned co-defendant Dr. DeVincenzo in order to direct responsibility to the hospital; however, counsel for the hospital was entitled to draw inferences from the evidence which tended to show that the culpable party was no longer in the case. (*Hopwood v. Thomas Hoist Co.* (1966), 71 Ill. App. 2d 434, 443, 219 N.E.2d 76.) With regard to plaintiff's objection to hospital counsel's having improperly impeached his own witness, our examination of the transcript reveals that no impeachment was attempted; rather, counsel sought to refresh that witness' recollection, which he had the right to do. (*Vancil v. Fletcher* (1967), 90 Ill. App. 2d 277, 232 N.E.2d 789.) Plaintiff also complains of the hospital's cross-examination relative to her ownership of a building and to her employment. Objections to those questions were sustained and the jury was instructed to disregard them. The court granted plaintiff's counsel all the relief he sought and her claim of prejudice must be rejected. See *Baikie v. Luther High School South* (1977), 51 Ill. App. 3d 405, 411, 366 N.E.2d 542.

## III

■■ Plaintiff next asserts the court committed error in giving certain jury instructions regarding the contributory negligence of decedent and of plaintiff because: no such evidence was presented; decedent was unable to comprehend the danger of his actions and was thus incapable of contributory negligence; and, contributory negligence of next of kin under the Wrongful Death Act (Ill. Rev. Stat. 1979, ch. 70, par. 2) does not bar recovery but simply precludes such heir from recovery. (*Sheley v. Guy* (1975), 29 Ill. App. 3d 361, 330 N.E.2d 567, *aff'd* (1976), 63 Ill. 2d 544.) Whether or not a mentally disturbed person is capable of contributory negligence is a question of fact for the jury, where, as here, decedent was never found mentally ill or incapacitated. (See *De Martini v. Alexander Sanitarium, Inc.* (1961), 192 Cal. App. 2d 442, 13 Cal. Rptr. 564.) As to plaintiff, under the facts presented, whether she should have contacted decedent's doctor herself when he was in pain was also a question for the jury. We note that plaintiff's instruction No. 26, drawn from Illinois Pattern Jury Instructions, Civil, No. 31.08 (2d ed. 1971), given to the jury, correctly reflects the law as set forth in *Sheley v. Guy*.

■■■ Plaintiff also argues that an instruction given regarding the duty of care of the hospital was improper in that it contemplated only the usual community practice rather than including consideration of administrative standards and bylaws, citing *Darling v. Charleston Community Memorial Hospital* (1965), 33 Ill. 2d 326, 211 N.E.2d 253. *Darling* does not require the presentation of such evidence, however. (*Bosel v. Marriott Corp.* (1978), 65 Ill. App. 3d 649, 654, 382 N.E.2d 587.) Further, plaintiff raised no objection at trial as to the standard of care instruction on the basis of *Darling* and proffered no alternative instruction; therefore, she has waived her objection on appeal. (Ill. Rev. Stat. 1979, ch. 110A, par. 239(b); *Saldana v. Wirtz Cartage Co.* (1978), 74 Ill. 2d 379, 385 N.E.2d 664.) Significantly, plaintiff questioned her own expert according to the standard set forth in the given instruction. Her assertion that the instruction improperly charged the jury to consider only the testimony of experts in its determination is also unavailing in view of a subsequent instruction given, which directed the jury to rely on its own observations and experiences. See *Wood v. Mobil Chemical Co.* (1977), 50 Ill. App. 3d 465, 475, 365 N.E.2d 1087.

## IV

■■ Finally, plaintiff argues the trial court erred in failing to allow her to amend her complaint after trial and before oral argument to include a survival count seeking damages for decedent's pain and suffering prior to his death. Since the jury returned a verdict of not guilty as to the liability of the hospital, we see no relevance in this claimed error to the appeal.

Further, amendment to pleadings should not be allowed after trial has begun regarding matters of which the pleader had knowledge at the time of the original pleading; plaintiff made no showing that the evidence of decedent's alleged pain and suffering before his death was unknown to her prior to trial. (*First National Bank & Trust Co. v. Sousanes* (1978), 66 Ill. App. 3d 394, 384 N.E.2d 30; *Blazina v. Blazina* (1976), 42 Ill. App. 3d 159, 356 N.E.2d 164.) We find no abuse of the trial court's discretion in denying amendment in this posture of the case. See *Mundt v. Ragnar Benson, Inc.* (1975), 61 Ill. 2d 151, 335 N.E.2d 10.

For the foregoing reasons, the judgments must be affirmed.

Affirmed.

STAMOS, P. J., and DOWNING, J., concur.