MARK A. McMASTER, Plaintiff-Appellant, v. DEBRA VERBOUT ZWICKER, Defendant-Appellee.

Third District No. 3—89—0302

Opinion filed January 24, 1990.

Appleton & McHugh, of Aledo (Gregory J. McHugh, of counsel), for appellant.

Bozeman, Neighbour, Patton & Noe, of Moline (James R. Patton, of counsel), for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

Plaintiff, Mark McMaster (McMaster), was involved in a one-vehicle accident on May 21, 1987. McMaster was driving a Chevrolet Luv pickup truck owned by the defendant, Debra Verbout Zwicker (Zwicker), when the brakes failed, causing him to lose control of the vehicle. McMaster suffered injuries as a result of the accident. McMaster and Zwicker were dating at the time of the accident, but maintaining separate households. After the accident, they maintained a common residence. Prior to the accident, each party borrowed the other's vehicle from time to time. On the date of the accident, McMaster had Zwicker's permission to drive the truck, his own vehicle being inoperable at that time. He was using the truck to drive to work.

McMaster filed suit against Zwicker on October 20, 1987, alleging negligence based on Zwicker's failure to maintain the brakes on the truck. Following discovery, both parties moved for summary judgment, and on December 5, 1988, the circuit court of Mercer County denied both motions. Both parties subsequently moved for reconsideration. On May 3, 1989, the trial court filed an order granting summary judgment in favor of defendant Zwicker, finding that no statutory duty could be violated absent actual prior knowledge of the brake defect. McMaster filed a timely appeal.

Plaintiff raises two arguments: first, that defendant breached her statutory duty to maintain her brakes in operating condition, and next, that defendant owed plaintiff a duty because of the principal-agent relationship created between the parties. We do not find either argument persuasive.

■ Plaintiff suggests that violation of the Illinois brake safety statute (Ill. Rev. Stat. 1987, ch. 95½, par. 12—301) creates a *prima facie* case of negligence. However, Illinois case authority states only that evidence of violation of a statute is merely one factor to be used by a jury in determining a defendant's negligence. (*Heiser v. Chastain* (1972), 6 Ill. App. 3d 552.) More importantly in this case, though, is the lack of evidence that defendant violated the Illinois brake safety statute.

■ Section 12—101 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 12—301) states as follows, in pertinent part:

"(a) Brake equipment required. 1. Every motor vehicle ***

when operating upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle ***.

\* \* \*

(b) Performance ability of brakes. 1. The service brakes upon any motor vehicle *** shall be adequate to stop such vehicle or vehicles when travelling 20 miles per hour within a distance of 30 feet ***."

The trial court found no evidence to indicate that defendant's truck was not *equipped* with an appropriate brake system. Nor was there evidence that the brake system was not *adequate* as literally required by subparagraph (b) of the statute. It is also important to read section 12—301 of the statute in conjunction with section 12—101, which reads, in pertinent part:

"(a) It is unlawful for any person to drive or move or for the owner to *cause or knowingly permit* to be driven or moved on any highway any vehicle *** which is in such unsafe condition as to endanger any person or property, or which does not contain those parts or is not at all times equipped with such lamps and other equipment in proper condition and adjustment as required in this Chapter 12 ***." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 95½, par. 12—101.)

Reading section 12—101 and section 12—301 together suggests that a person must know that the brakes do not function in order to be negligent. The record establishes no evidence that defendant knew that her brake line had rusted through. In fact, the record indicates that both parties had recently driven the vehicle and had experienced no problems. No statutory duty is created unless plaintiff introduces facts creating a question concerning defendant's actual knowledge of the defective condition of her brakes.

The trial court also determined that the relationship created between the parties by plaintiff's use of defendant's vehicle was one of gratuitous bailment. Plaintiff contends that he and the defendant entered into a principal-agent relationship when he borrowed her truck to go to work. He attempts to analogize to the line of Illinois cases which state that interfamily borrowing of a car is subject to principal-agent analysis. Unfortunately for this analysis, plaintiff and defendant were not family. Plaintiff simply borrowed defendant's vehicle, with defendant's permission, for his own purpose, to wit, to drive to work.

■ The trial court was correct in determining that plaintiff's use of defendant's truck constituted a gratuitous bailment. A gratuitous bailment is made only for the benefit of the bailor and provides no

profit for the bailee. Black's Law Dictionary 129 (5th ed. 1979).
■■ As a gratuitous bailee, defendant's only duty was to warn of defects of which she was aware. (8 Am. Jur. 2d Bailments §162 (1989); *Rynders v. Sangamo Construction Co.* (1982), 103 Ill. App. 3d 552.) The trial court correctly found that no facts were introduced by plaintiff to establish that defendant had actual knowledge of the inadequacy of her brakes prior to allowing plaintiff the use of her vehicle. Summary judgment was an appropriate manner of dispensing with this matter.

Accordingly, we affirm the decision of the circuit court of Mercer County.

Affirmed.

STOUDER and WOMBACHER, JJ., concur.