David R. Debolt, Plaintiff-Appellee, v. Marcena Wallace, Defendant-Appellant.

Gen. No. 64–35.

Third District.
November 16, 1964.
Rehearing denied February 3, 1965.

Kevin D. Kelly, of LaSalle, for appellant.

John C. Hedrich, and Roger V. Pierson, both of Princeton, for appellee.

SCHEINEMAN, J.
The plaintiff was injured when the motorcycle he was riding was struck by an automobile. He brought suit and obtained a verdict and judgment for $36,000. On this appeal defendant contends the trial court erred in refusing to give a special interrogatory on the due care of plaintiff, in refusing to grant a mistrial based on the alleged prejudicial conduct of plaintiff's attorney, and in refusing to grant a continuance at the request of defendant.

The tendered interrogatory was as follows:

"Was the plaintiff, at the time and immediately prior to the occurrence in question, in the exercise of due care and caution for his own safety?"

■ A special interrogatory must be given if the one tendered is upon an ultimate question of fact and in proper form. In Wicks v. Cuneo-Henneberry Co., 319 Ill 344, 150 NE 276, the court said:

"A special interrogatory is not proper unless it relates to one of the ultimate facts upon which the rights of the parties directly depend, and unless some answer responsive thereto would be inconsistent with some general verdict that might be returned upon the issues in the case. . . . All reasonable presumptions will be entertained in favor of the general verdict while nothing will be presumed in aid of the special findings of

fact. The inconsistency, to be controlling, must be irreconcilable so as to be incapable of being removed by any evidence admissible under the issues."

The interrogatory did not meet this latter test, for even though the plaintiff was not exercising due care and caution, at the time and immediately prior to the occurrence, this does not bar plaintiff's claim, unless his negligence proximately contributed to the injuries. No case from Illinois squarely on this point has been cited in the briefs, but it has come up in other states where the law is similar to Illinois. And this type of interrogatory has been held improper.

In Oliver v. Coffman, 112 Ind App 507, 45 NE2d 351, the court said of a similar interrogatory:

"Under the rule that all intendments, inferences, and presumptions, which may be drawn from any evidence admissible under the pleadings, support the general verdict, a general verdict for the plaintiff in a negligence action would not be overthrown by answers to interrogatories, that established negligence on the part of the plaintiff, unless such answers also established that negligence contributed to the injuries for which plaintiff sought to recover."

Similar results appear in Lowen v. Finnila, 15 Cal 2d 502, 102 P2d 520 and Dunn v. Texas Coca Cola Bottling Co. (Tex Civ App), 84 SW2d 545. And in a later Texas case, entitled Cisco & N. E. Ry. Co. v. McCharen (Tex Civ App), 118 SW2d 844, the court said it would generally be error to submit contributory negligence as one issue since the negligence of the plaintiff is not even a defense unless it was a proximate cause. And in 65 CJS, Negligence, Section 304, at Page 1269, it is said:

". . . answers to interrogatories establishing plaintiff's negligence should also establish that such negligence contributed to his injuries in order to overthrow a general verdict for plaintiff . . . ."

The defendant cites several cases from Illinois, but in them the form of interrogatory contained both elements, which was not the case here.

■ Defendant contends his interrogatory related to one ultimate fact, and that if one was necessary on proximate cause, the plaintiff should have requested it or the court should have given it on his own motion. It is our opinion the court properly refused to give this interrogatory in its form, and that neither the court nor opposing counsel can be required to present something for the purpose of correcting the defendant's mistake.

■ The alleged prejudicial conduct of plaintiff's counsel was that he told the jury in an opening statement the evidence would show that, if existing infections did not clear up, plaintiff's leg would have to be amputated. At the time of the statement, defendant objected, the objection was sustained, and the jury was directed to disregard the remark. There was no further reference to the subject, and no such evidence was offered. In addition, some of the instructions given the jury informed them that statements and remarks of counsel are not evidence, and that if any statement or remark of counsel had no basis in the evidence, they were to disregard it. Under these circumstances, the court properly controlled the action of counsel and was not required to order a mistrial. Similar results were obtained in McCormick v. Kopmann, 23 Ill App2d 189, 161 NE2d 720, and in Trust Co. of Chicago v. Richardson, 290 Ill App 464, 8 NE2d 530.

The defendant cites Jacobson v. National Dairy Products Corp., 32 Ill App2d 37, 176 NE2d 551. In that case counsel persisted in his improper questioning and indicated to the jury that he had important information which he was prevented from placing before them. Also cited is Wellner v. New York Life Ins. Co., 331 Ill App 360, 73 NE2d 156, in which counsel continually referred to vast resources of the defendant and purported to quote from evidence which was not even in the record. These cases are not in point.

It was also claimed by the defendant that the plaintiff used improper comments in his closing argument. No transcript of the arguments is presented. Remarks of counsel during final argument which are not transcribed or included in the record on appeal, are not preserved for review. McCormick v. Kopmann, 23 Ill App2d 189, 161 NE2d 720.

On the final day of trial, defense counsel orally moved for a continuance until the next day, to enable him to put on the testimony of an orthopedic surgeon. No written motion accompanied by affidavit was presented as required by Supreme Court Rule 14. In cases cited by the defendant proper motions and affidavits were filed. Under the circumstances the ruling in this case cannot be regarded as an abuse of discretion.

Finding no error in the rulings of the court, the judgment is affirmed.

Judgment affirmed.

CULBERTSON, P. J. and ROETH, J., concur.