JOHN KRAVENAS, Plaintiff-Appellee, *v.* ALGONQUIN TOWNSHIP *et al.,* Defendants-Appellants.

(No. 72-108;

Second District—September 17, 1973.

Joslyn & Green, of Woodstock, for appellants.

Franz & Franz, of Crystal Lake, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

This is an appeal from a judgment entered upon a $30,000 verdict in

favor of the plaintiff. During oral argument defendants candidly stated that there is no issue as to their negligence but claimed that the trial court erred in refusing certain instructions, admitting into evidence a certain photograph and allowing the amount of the verdict to stand.

The plaintiff, age 20, was injured while a passenger in a car that collided with a snow plow operated by defendant Lee and owned by defendant township. The injury occurred when his head struck the windshield of the auto resulting in severe lacerations to his forehead. During trial, the owner driver testified that his car was equipped with seat belts but that plaintiff was not wearing them. It was plaintiff's testimony that he did not know if the auto contained seat belts but admitted he was not wearing any.

■■ At trial it was defendant's position that the non-use of seat belts is a fact to be considered by the jury in determining if the plaintiff was guilty of contributory negligence. They therefore tendered three instructions from I.P.I., Civil-10.02 (definition of ordinary care);[1] 10.03 (duty to use ordinary care);[2] 11.01 (definition of contributory negligence) and one original instruction which informed the jury that non-use of seat belts could be considered to determine if plaintiff exercised due care not only to avoid injury but to mitigate damages. The trial court's refusal to allow these instructions was not error. Failure to use seat belts, as a matter of law, does not constitute contributory negligence. See *Blitz v. Checker Taxi Co.,* 8 Ill.App.3d 361 (1972), and cases cited therein.

■■ Defendants also tendered an instruction which informed the jury that the non-use of seat belts could be considered by them in determining the effect this would have on the nature and extent of the plaintiff's injuries. This instruction was refused and, in its stead, the court gave its own instruction which was similar to defendant's except that it required the jury to first find that the plaintiff knew or should have known that seat belts were present. There is no evidence in the record to support either mitigation or aggravation of injuries from the use or non-use of seat belts; therefore, no seat belt instruction should have been given. (*Heiser v. Chastain,* 6 Ill.App.3d 552, 556 (1972).) As a consequence, the defendants were benefitted rather than prejudiced by the court's instruction.

Error is claimed in the admission of a color photograph of plaintiff's face, with his forehead the focal point, taken ten months after the

---

[1] Although not raised, this instruction was properly refused because of plaintiff's age. See Note on Use.

[2] *Ibid.*

accident but nine months before trial. When admitted, the trial judge told the jury:

> "* * * [I]t is admitted for the limited purpose of showing the time involved in the healing and pain and suffering, and not as proof of the scar today, which is taken from your examination of the plaintiff."

■■ Defendant first argues that the photograph was irrelevant and without probative value. The trial court's remarks upon admission dispel any merit to this contention. It is further argued that the photograph gave the jury a distorted, unrealistic and exaggerated portrayal of plaintiff's injuries, inciting passion and prejudice on the part of the jury especially when observed in comparison with plaintiff's high school photograph. We have viewed the exhibit with these points in mind but find them unpersuasive. The admission of a photograph is within the discretion of a trial court. (*Darling II v. Charleston Community Memorial Hospital,* 50 Ill.App.2d 253, 320-322 (1964), *aff'd,* 33 Ill.2d 326, 339 (1965), *cert. denied,* 383 U.S. 946, 16 L.Ed.2d 209, 86 S.Ct. 1204 (1966).) We find no abuse of discretion by the trial court in admission of the photograph.

■■ Finally, defendants claim the verdict to be excessive and without support in the evidence. Plaintiff suffered a concussion and deep lacerations of the forehead, requiring 69 sutures. He has missed 1 week of work, suffered periodic headaches from the time of the accident to the present, his forehead is permanently scarred and he has become self-conscious with a change in personality as a result of the scarring. While his special damages amount to only $860.90 this, in and of itself, is not determinative of the issue. (See *Orlandi v. Caraway,* 9 Ill.App.3d 628, 632 (1973).) We do not find the jury's award to be excessive and decline to enter a remittitur.

Judgment affirmed.

GUILD, P. J., and SEIDENFELD, J., concur.