THOMAS D. EICHORN II, Plaintiff-Appellee, *v.* GEORGE V. OLSON, d/b/a INVENTORY SERVICES, Defendant-Appellant.

(No. 74-387; ▮▮▮▮▮)

Third District—October 8, 1975.

588

David B. Mueller, of Cassidy, Cassidy & Mueller, of Peoria, for appellant.

Ben F. Railsback, of Pekin, and Frank Wanless, of Morton, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Tazewell County entered on August 14, 1974, denying post-trial motions of George Olson, defendant, and from the verdict of July 17, 1974, awarding the plaintiff, Thomas Eichorn, damages of $25,000.

On October 29, 1968, at approximately 10 p.m., the plaintiff drove his automobile into the rear of a vehicle owned by the defendant, killing the defendant's employee, Wynn Coppenbarger, and causing the injuries for which he received a verdict of $25,000. The Olson vehicle, a 1966 Rambler, had run out of gas and was being pushed by Coppenbarger in the outside or south eastbound lane of the four-lane highway as the plaintiff approached in his 1964 Plymouth. The night was clear, the pavement was dry, the road was straight and level in the area of the collision and the headlamps and tail lights on the Rambler were operating. No one actually witnessed the impact other than Eichorn and he was unable to recall the events at or before the time of the impact because of amnesia.

Wells and Hinds, passengers in the Rambler automobile, did not wake up from the time they left Taylorville until they got on the ramp leading to or on I-74 eastbound lanes. When they awakened Coppenbarger was outside the car pushing it, with his right hand on the steering wheel. Coppenbarger told Hinds that he was running out of gas and was going to try to make it to the next exit ramp (the Morton exit). Hinds told Coppenbarger to get back in the car and pull over, but Coppenbarger said, "No." He let go of the steering wheel and ran toward the back of the car. Just as Hinds, from his seat on the passenger side, put his left hand on the steering wheel to guide the car, the collision occurred.

The jury returned a verdict in favor of the plaintiff for $25,000 and this appeal follows.

Defendant raises three assignments of error on this appeal: First, the plaintiff was guilty of contributory negligence as a matter of law, and consequently the trial court erred in refusing to enter judgment notwithstanding the verdict; second, the court erred in admitting testimony of careful habits; and third, the court erred in the giving and refusing of instructions.

With respect to defendant's first contention that the plaintiff was guilty of contributory negligence as a matter of law, the defendant insists that the only inferences which may be reasonably drawn from the evidence are that either the plaintiff saw the defendant's car and negligently failed to avoid the collision or he failed to see the car and thus negligently failed to keep a proper look out. As may be seen from the facts surrounding the incident, defendant's theory is predicated on the facts that the tail lights on the defendant's car and head lights on the plaintiff's car were operating properly, that the view for about one-third mile west of the impact was clear and unobstructed and that therefore plaintiff should have seen or did see the defendant's car, for all practical purposes, stopped on the highway.

● 1   However, we believe that there are reasonable inferences which may be drawn from the evidence which do not necessarily require the conclusion that plaintiff failed to exercise due care for his own safety. There are at least three inferences, as pointed out by plaintiff's counsel, which might explain plaintiff's conduct in nonnegligence terms. They are first of all the difficulties of judging the speed of a vehicle being overtaken at night merely because the vehicle has its rear lights operating properly. Even though the presence of the defendant's car may have been delineated by its rear lights, the question remains as to whether or not the plaintiff was or was not in the exercise of due care in failing to ascertain that the car was stopped on the highway. In the second place, the evidence does not clearly establish the absence of background lights or other conditions from which it could be inferred that the plaintiff could have ascertained a vehicle was stopped on the pavement beyond any contrary inference. Finally, the evidence, although demonstrating the point of impact in the outside lane of the highway, does not show that the defendant's car was always in the outside lane after the vehicle turned on to the eastbound I-74 lanes. We are therefore not prepared to say that the rule in *Pedrick* requires that plaintiff be found guilty of contributory negligence as a matter of law. *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504.

● 2   The defendant's next contention is that the court erred in admitting the testimony of Ruth Eichorn, the plaintiff's mother, concerning the plaintiff's careful habits. As stated previously, there were no witnesses to

the impact other than Eichorn and he was unable to recall the events at or before the time of the impact because of amnesia.

The plaintiff in a personal injury action has the burden of proving that he was in the exercise of due care for his own safety at the time of the accident. However, where direct testimony by an eyewitness is not available, due care may be inferred from testimony of careful habits of the deceased and the circumstances surrounding the accident. (*Hughes v. Wabash R.R. Co.*, 342 Ill.App. 159, 95 N.E.2d 735.) This inference may also be made to show due care on the part of an accident victim suffering retrograde amnesia where there are no eyewitnesses. *Baker v. Norfolk & Western Ry. Co.*, 120 Ill.App.2d 296, 256 N.E.2d 887; *Campbell v. Ragel*, 7 Ill.App.2d 301, 129 N.E.2d 451.

In the case at bar the absence of any eyewitnesses and the plaintiff's amnesia permitted the introduction of the testimony of careful habits. See also *Plank v. Holman*, 46 Ill.2d 465, 264 N.E.2d 12; *McElroy v. Force*, 38 Ill.2d 528, 232 N.E.2d 708.

Finally the defendant contends that error was committed in the giving and refusing of various instructions.

The trial court refused to charge the jury in accordance with the following instruction tendered by defendant:

> "The Court instructs the jury that you may, in considering the nature and extent of the Plaintiff's injury or damage, consider together with all the other facts in evidence, whether or not the Plaintiff did or did not avail himself of the use of seat belts and if he did not avail himself of the use of seat belts in the automobile in which he was operating, what effect this had or might have had on the nature and extent of his injuries."

At the trial plaintiff testified that he was not wearing a seat belt but he could not remember whether his car was so equipped. For impeachment purposes, defense counsel on cross examination referred to a deposition wherein the plaintiff admitted his car had a seat belt which he was not wearing at the time of the accident.

The record also discloses that on impact plaintiff was thrown into the front windshield. His injuries consisted of facial and head cuts resulting in scars.

■■ We are now asked to determine whether the evidence required an instruction, regarding the plaintiff's nonuse of an available seat belt, to be considered by the jury in resolving the plaintiff's damages.

In Illinois the law with respect to seat belts was first considered in *Mount v. McClellan*, 91 Ill.App.2d 1, 234 N.E.2d 329. The court there held that whether the plaintiff's car was equipped with seat belts was admissible in evidence and could be considered by the jury on the ques-

tion of damages only. The court observed that this evidence would have no relevancy in determining the cause of the accident and should therefore not be considered by the jury on the issue of liability. No question relating to the adequacy of instructions was involved.

In *Schomer v. Madigan*, 120 Ill.App.2d 107, 255 N.E.2d 620, the court considered a seat belt instruction similar to the one tendered in the case at bar; both of these instructions relied upon language found in *Mount*. Unlike the instant appeal, the trial court in *Schomer* gave the instruction to the jury. Unlike *Mount*, the court in *Schomer* was not concerned with the admissibility of evidence relating to the presence or absence of seat belts.

The evidence in *Schomer* revealed that the car in which plaintiff was a passenger was equipped with seat belts. Neither the driver nor the plaintiff were able to say whether the plaintiff's seat belt was fastened. On appeal, the court held that it was error to give the seat belt instruction which was without support in the evidence. The court said that a seat belt instruction could only be given "on the assumption that the plaintiff did not wear the seat belt." (120 Ill.App.2d 107, 110.) The court stated that by giving such an instruction the trial court, in effect, implied that the seat belt was not used and directed the jury that it might consider this nonuse to reduce the verdict. In addition, the court agreed with the observation made in *Mount* that the question of seat belts has no relevancy in determining the cause of an accident.

In *Heiser v. Chastain*, 6 Ill.App.3d 552, 285 N.E.2d 601, the trial court refused to instruct the jury that it was the duty of the plaintiff to use available seat belts so as to avoid injury to herself. Without deciding whether the tendered instruction was properly refused, the court held that, in any event, the record failed to establish, by competent evidence, the extent to which the damages might have been mitigated if a seat belt had been used. See also *Kravenas v. Algonquin Township*, 13 Ill.App. 3d 1000, 301 N.E.2d 490 (evidence held insufficient to warrant seat belt instruction on issue of damages), and *Hale v. Cravens*, 129 Ill.App.2d 466, 263 N.E.2d 593.

An instruction permitting the jury to consider the non-use of seat belts on the issue of liability has been held improper. (*Josel v. Rossi*, 7 Ill.App. 3d 1091, 288 N.E.2d 677.) Consistent with this approach are the decisions rejecting the "seat belt defense" on the issue of contributory negligence. *Atz v. Goss*, 21 Ill.App.3d 878, 316 N.E.2d 29; *Yocco v. Barris*, 16 Ill.App. 3d 113, 305 N.E.2d 584; *Blitz v. Checker Taxi Co.*, 8 Ill.App.3d 361, 290 N.E.2d 291; *Josel v. Rossi*, 7 Ill.App.3d 1091, 288 N.E.2d 677; *Deaver v. Hickox*, 121 Ill.App.2d 465, 256 N.E.2d 856.

Courts in other states have permitted seat belt instructions if limited to the issue of damages. (*Henderson v. United States*, 429 F.2d 588 (10th Cir. 1970); *Uresky v. Fedora*, 27 Conn. Super. 498, 245 A.2d 393 (1968); *Spier v. Barker*, 35 N.Y. 2d 444, 323 N.E.2d 164 (1974); *Sonnier v. Ramsey*, 424 S.W.2d 684 (Tex. Civ. App. 1968); *Bentzler v. Braun*, 34 Wis.2d 362, 149 N.W.2d 626 (1967).) Such an instruction is not given to the jury unless the defendant can establish, by competent evidence, a causal relationship between the injury sustained and the plaintiff's failure to use an available seat belt. (*Spier v. Barker*, 35 N.Y. 2d 444, 323 N.E.2d 164 (1974); *Bentzler v. Braun*, 34 Wis.2d 362, 149 N.W.2d 626 (1967); see also Kircher, *Seat Belt Defense—State of the Law*, 53 Marq. L. Rev. 172 (1970).) Thus it is not sufficient to show the plaintiff's failure to buckle-up. (*Berry v. Coca-Cola Co.*, 99 N.J. Super. 270, 239 A. 2d 273 (1967); *Bentzler v. Braun*, 34 Wis.2d 362, 149 N.W.2d 626 (1967).) Something more is required. The difficulty is that in most cases, including those in Illinois, the evidence did not establish that the damages might have been mitigated if a seat belt had been used. *Kravenas v. Algonquin Township*, 13 Ill.App.3d 1000, 301 N.E.2d 490; *Heiser v. Chastain*, 6 Ill.App.3d 552, 285 N.E.2d 601; see generally Bowman, *Practical Defense Problems—The Trial Lawyer's View*, 53 Marq. L. Rev. 191 (1970). But see *Spier v. Barker*, 35 N.Y.2d 444, 323 N.E.2d 164 (1974).

Absent judicial notice of the general effectiveness of seat belts, we believe that a jury need not be instructed with respect to the nonuse of seat belts on the damages issue, if the evidence shows only that the plaintiff failed to wear an available seat belt. In order to be entitled to such an instruction, the defendant must prove, by competent evidence, a causal connection between the plaintiff's nonuse of an available belt and the injuries and damages sustained. (*Heiser v. Chastain*, 6 Ill.App.3d 552, 285 N.E.2d 601; *Spier v. Barker*, 35 N.Y. 2d 444, 323 N.E.2d 164 (1974); *Bentzler v. Braun*, 34 Wis. 2d 362, 149 N.W.2d 626 (1967).) In the case at bar since the defendant showed only that the plaintiff failed to buckle-up, no instruction was required or would have been appropriate if given.

■■ Defendant also urges as error an instruction which permitted the jury to predicate negligence upon the defendant's operation of the vehicle below the posted minimum speed of 45 miles per hour. Although the defendant insists that his car was not moving at the time of impact, yet the testimony of Wells and Hinds, passengers in his car, was that they were out of gas about where State Route 121 intersects I-74 going eastward and the collision occurred 1600 to 1800 feet east on I-74, a few seconds later. Under these circumstances, there was sufficient basis in

the record to justify the instruction and no error was committed.

■■■ Finally, the defendant contends that the trial court's refusal to submit the following special interrogatory to the jury was error:

"Do you find that the plaintiff, Thomas D. Eichorn II, was contributorily negligent?"

A special interrogatory must be given if the one tendered is upon an ultimate question of fact and in proper form. A special interrogatory is not proper unless it relates to one of the ultimate facts upon which the rights of the parties directly depend, and unless some answer responsive thereto would be inconsistent with some general verdict that might be returned upon the issues in the case. The inconsistency, to be controlling, must be irreconcilable, so as to be incapable of being removed by any evidence admissible under the issues. *DeBolt v. Wallace*, 56 Ill.App.2d 380, 206 N.E.2d 469.

Judged by these standards, the interrogatory in the case at bar was properly refused, for even if the plaintiff was contributorily negligent, this would not bar his claim unless his negligence proximately contributed to the injuries. *DeBolt v. Wallace*, 56 Ill.App.2d 380, 206 N.E.2d 469.

For the foregoing reasons, the judgment of the circuit court of Tazewell County is affirmed.

Judgment affirmed.

BARRY and SCOTT, JJ., concur.