THOMAS C. STRUTHERS, Plaintiff-Appellee, *v.* JACK BAULOS, INC., *et al.*,
Defendants-Appellants.

Second District   No. 76-232

Opinion filed September 30, 1977.

Gerald M. Sheridan, Jr., of Wheaton, and Robert F. Casey, of Geneva, for appellants.

J. Robert Murphy, of Murphy, Griffin & Dixon, of Aurora, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiff, Thomas C. Struthers, brought this action against defendants, Jack Baulos, Inc., a corporation, and Todd J. Hausler, for personal

injuries and property damage sustained in a collision between plaintiff's automobile and a semi-trailer truck owned by the defendant corporation and under the control of its employee, defendant Hausler.

The jury returned a general verdict in favor of plaintiff for $20,000 and responded to a special interrogatory in a manner first ruled by the trial court as inconsistent with the general verdict. The court entered judgment in favor of defendants on the special verdict but, after hearing plaintiff's post-trial motion, it vacated that judgment and entered judgment on the general verdict in favor of plaintiff from which defendants appeal.

The special interrogatory submitted by the defendants and answered "no" by the jury stated:

> "Was the Plaintiff in the exercise of due care and caution for his own safety and the safety of his property at and immediately preceeding [sic] the occurrence in question?"

Defendants contend first that plaintiff waived all right to object to the form of the special interrogatory by failure to make a specific objection at the conference on instructions and that the trial court, then, had no power to consider an objection raised for the first time in plaintiff's post-trial motion. At the conference on instructions, plaintiff's counsel made a general objection "for the record" to the interrogatory submitted by defendants, but apparently did not notice it referred to a duty of the plaintiff to exercise "due care and caution" rather than "ordinary care", as defined in the instructions to the jury, or that the interrogatory form was not qualified by reference to conduct of plaintiff which proximately contributed to cause plaintiff's injuries. No objection directed to these deficiencies was made at the conference and they were raised for the first time in plaintiff's post-trial motion.

Defendants rely upon section 65 of the Civil Practice Act which provides:

> "Unless the nature of the case requires otherwise, the jury shall render a general verdict. The jury may be required by the court, and must be required on request of any party, to find specially upon any material question or questions of fact stated to them in writing. *Special interrogatories shall be tendered, objected to, ruled upon and submitted to the jury as in the case of instructions.* Submitting or refusing to submit a question of fact to the jury may be reviewed on appeal, as a ruling on a question of law. When the special finding of fact is inconsistent with the general verdict, the former controls the latter and the court may render judgment accordingly." (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 110, par. 65.)

This court has recently held:

> "The rule in Illinois is that objections to instructions offered by an

opposing party must be made at the conference on instructions and must be specific or they are waived on appeal [citations]. Further, the failure to object specifically at the conference cannot be cured by making the proper objection for the first time in the post-trial motion [citations] because the trial court would otherwise be deprived of an opportunity to correct the defective instruction * * *. [Citation.]" *Dean v. Keith's and Ralph's Tavern, Inc.* (1975), 25 Ill. App. 3d 970, 972, 324 N.E.2d 7, 9. See also *Delany v. Badame* (1971), 49 Ill. 2d 168, 178, 274 N.E.2d 353, 358; *Wolfe v. Bertrand Bowling Lanes, Inc.* (1976), 39 Ill. App. 3d 919, 928, 351 N.E.2d 313, 320; *Johnston v. Basic* (1973), 16 Ill. App. 3d 453, 457, 306 N.E.2d 610, 613.

It has also been held that the same rule pertains, and for the same reasons, requiring a specific objection at the conference on instructions to a tendered special interrogatory. (*Sellers v. Hendrickson* (1977), 46 Ill. App. 3d 549, 558, 360 N.E.2d 1235, 1242; *Havlovic v. Scilingo* (1972), 7 Ill. App. 3d 918, 922, 289 N.E.2d 79, 82; see also *Larson v. Thomashow* (1974), 17 Ill. App. 3d 208, 217, 307 N.E.2d 707, 715.) The special interrogatory submitted by defendants here was defective in that it did not reach an ultimate issue in the case and referred to a "due care and caution" concept rather than "ordinary care" as defined in the instructions to the jury. It clearly would have been refused by the trial court if objected to on those grounds at the conference. (*Eichorn v. Olson* (1975), 32 Ill. App. 3d 587, 594, 335 N.E.2d 774, 779; *Bruske v. Arnold* (1969), 44 Ill. 2d 132, 136, 254 N.E.2d 453, 456, *cert. denied* (1970), 398 U.S. 905, 26 L. Ed. 2d 65, 90 S. Ct. 1697.) The general objection "for the record" made by plaintiff did not sufficiently describe any deficiency so as to allow the court to make a considered ruling on the interrogatory or to allow defendants to tender a correction if they chose to do so. Plaintiff, therefore, was foreclosed from raising such claim of error for the first time by his post-trial motion.

Contrary to defendants' further contention, although plaintiff was barred, neither the trial court nor a reviewing court is bound by the failure of a party to specifically challenge a special interrogatory and the trial court could properly consider the issue as raised in plaintiff's post-trial motion for the first time if it considered that necessary in the interest of justice. (*Wozniak v. Segal* (1974), 56 Ill. 2d 457, 461, 308 N.E.2d 611, 612; *Fopay v. Noveroske* (1975), 31 Ill. App. 3d 182, 189, 334 N.E.2d 79, 86.) In this case, however, the issues raised by the special interrogatory and the jury's response to it may be resolved on a more direct basis.

Defendants also contend that the answer to the special interrogatory was inconsistent with the general verdict and, therefore, the trial court was required to render judgment for defendants on the special verdict

(Ill. Rev. Stat. 1975, ch. 110, par. 65) arguing that by its special verdict the jury found plaintiff to be guilty of contributory negligence barring his recovery. The jury returned a general verdict finding the issues as defined by the instructions in favor of plaintiff and assessed damages. It also made the limited special finding by its answer to the interrogatory that plaintiff was not exercising "due care and caution" for his own safety at the time of the occurrence. The trial court initially entered judgment for defendant on that special verdict, apparently then believing it was inconsistent with and therefore controlled the general verdict. Subsequently, the trial court determined the general and special verdicts were not inconsistent, vacated its earlier order and entered judgment on the general verdict from which order defendants now appeal.

■■■ While plaintiff was bound by the answer to the interrogatory because he failed to specifically challenge it at the conference on instructions, he can be bound only as to those issues actually decided by the jury's special verdict. Contributory negligence barring recovery by plaintiff requires findings that plaintiff's conduct was negligent and that the negligence proximately caused plaintiff's injuries. (*Spiron v. Spiron* (1974), 21 Ill. App. 3d 610, 615, 316 N.E.2d 265, 268.) This special interrogatory did not address itself to the element of proximate cause; therefore, the special verdict based on it could not determine that plaintiff was guilty of contributory negligence and thus be inconsistent with and control the general verdict returned in favor of plaintiff. *Barbour v. Chicago Transit Authority* (1976), 41 Ill. App. 3d 888, 891, 354 N.E.2d 519, 522; *Cohen v. Sager* (1971), 2 Ill. App. 3d 1018, 278 N.E.2d 453; *Debolt v. Wallace* (1965), 56 Ill. App. 2d 380, 206 N.E.2d 469; *Summers v. Hopwood* (1970), 125 Ill. App. 2d 441, 261 N.E.2d 36.

■■ In this case the jury was fully instructed as to the issues which plaintiff had the burden of proving before it could return a general verdict for plaintiff. These issues included the proposition that plaintiff must use ordinary care for his own safety and be free from contributory negligence as defined for the jury by the giving of Illinois Pattern Jury Instructions, Civil, Nos. 10.02, 10.03 (2d ed. 1971); no reference was made in any instruction to "due care and caution" as referred to in the special interrogatory and we may not then consider that the defective form of the interrogatory was cured and possible jury confusion obviated by the instructions (see *Bruske v. Arnold* (1969), 44 Ill. 2d 132, 136, 254 N.E.2d 453, 456, *cert. denied* (1970), 398 U.S. 905, 26 L. Ed. 2d 65, 90 S. Ct. 1697). For these reasons we find that the trial court did not err in entering judgment on the general verdict and not upon the special verdict.

Defendants contend next they were entitled to a directed verdict or judgment *n.o.v.* in their favor because, as a matter of law, there was no proof of negligence by them and plaintiff was guilty of contributory

negligence. A resume of the facts of the occurrence is necessary to our consideration of these issues.

On December 26, 1973, between 5:30 and 6 p.m., plaintiff drove his automobile into the rear of defendants' truck-trailer. It was dark with a light fog and was raining or sleeting with snow mixed in with the rain. The truck was parked on the inside southbound lane of Kirk Road, a four-lane highway, north of its intersection with Butterfield Road in Kane County, Illinois. The battery cable on the truck had shorted and burned through, after being pinched by an auxiliary gasoline tank mounting bracket, and the truck was stalled without power or lights. Prior to the collision the truck driver, defendant Hausler, attempted to set out flares to warn oncoming traffic but had trouble lighting them in the rain. He told an investigating officer at the scene that he had set out reflectors but the officer testified he found none in the area and plaintiff saw none before the accident. The hood of the truck engine compartment was raised up.

Plaintiff was driving south on Kirk Road at approximately 50 m.p.h. with his headlights on and windshield wipers operating. There was no other traffic ahead of him as he approached the scene of the collision and he saw the gray truck, recognizable by its shape only, immediately before he hit it. The back of the truck was unlighted and its rear reflectors were covered with mud.

Defendants rely on the familiar rule stated in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504, that verdicts ought to be directed and judgments *n.o.v.* entered where all the evidence viewed in the aspect most favorable to the party against whom the motion is directed so overwhelmingly favors the movant that no contrary verdict could stand. They argue their truck stopped on the highway because of a sudden and unexpected electrical failure and that the truck driver did all he could to warn other drivers. Plaintiff argues the electric cable was pinched and shorted out by the tank bracket which had been installed by defendant Baulos and not regularly inspected and that while the driver apparently had time to open the hood of the truck he failed to set out warning flares or reflectors as required by law.

■■ We cannot say on the record in this case and applying the *Pedrick* standard that the determination by the jury that defendants were negligent cannot stand. There is evidence the shorted battery cable could have been discovered by reasonable inspections or prevented by better maintenance of the truck so as to have avoided the power failure entirely. In addition, the jury may well have concluded defendant Hausler could have more promptly and effectively taken steps to warn approaching motorists behind his truck of the danger after becoming stalled on that busy highway under those conditions. Whether the hood was raised because Hausler sought to repair the truck before putting out flares or as a

signal it was disabled would in either event not serve to warn a motorist approaching from the rear as was all southbound traffic.

■■ It is apparent that plaintiff's conduct was not contributorily negligent as a matter of law. He was traveling at night along his usual route under adverse weather and visibility conditions when he suddenly came upon the unlighted truck standing in the passing lane of the highway. Although plaintiff applied his brakes when he was first able to see the truck he could not avoid striking it. See *Larson v. Thomashow* (1974), 17 Ill. App. 3d 208, 307 N.E.2d 707; *Eichorn v. Olson* (1975), 32 Ill. App. 3d 587, 335 N.E.2d 774; *Barbour v. Chicago Transit Authority* (1976), 41 Ill. App. 3d 888, 354 N.E.2d 519; *Gray v. Schottmiller* (1974), 18 Ill. App. 3d 812, 310 N.E.2d 750.

Similarly, we do not find the verdict in favor of plaintiff and against defendants is against the manifest weight of the evidence so as to entitle defendants to a new trial. (*Mizowek v. DeFranco* (1976), 64 Ill. 2d 303, 310, 356 N.E.2d 32, 36.) We may not substitute our judgment for that of the jury if there is sufficient evidence in the record to support the decision of the triers of fact. *Rhodes v. Oliva* (1973), 13 Ill. App. 3d 849, 855, 301 N.E.2d 126, 131.

There being no error requiring reversal, the judgment of the Circuit Court of Kane County is affirmed.

Affirmed.

RECHENMACHER, P. J., and SEIDENFELD, J., concur.