SOPHIE KYOWSKI, Plaintiff-Appellant, *v.* CHRISTINE ESTES BURNS, Defendant-Appellee.

First District (2nd Division)   No. 77-1879

Opinion filed March 30, 1979.

Ronald S. Fishman, of Chicago, for appellant.

Jacobs, Williams and Montgomery, Ltd., of Chicago (Barry L. Kroll, J. Scott Myers, and David A. Novoselsky, of counsel), for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Plaintiff filed an action to recover damages for alleged injuries sustained after being struck by defendant's automobile. Following a jury trial in which plaintiff was found guilty of contributory negligence, a verdict was entered in favor of defendant. Plaintiff appeals.

The issues presented for review are (1) whether defense counsel committed prejudicial error in questioning Officer Shimkus regarding his police report of the accident; (2) whether defense counsel committed prejudicial error by allegedly attempting to impeach plaintiff's testimony and then failing to offer proof of the alleged impeachment; (3) whether the court erred in granting defendant's motion in limine, preventing any reference to the subsequent repair of defendant's automobile; (4) whether

the court erred in permitting defendant to introduce photographs which allegedly did not depict accurately conditions existing at the time of the accident; (5) whether defense counsel committed prejudicial error by inquiring as to traffic conditions subsequent to the accident; (6) whether the court erred in sustaining defendant's motion to strike the testimony of plaintiff's witness Arthur Fager; (7) whether the court committed error by requiring plaintiff to lay a foundation prior to introducing alleged admissions from defendant's deposition; (8) whether the court erred in not declaring a mistrial where defense counsel allegedly concealed from plaintiff a prior statement of Officer Shimkus; and (9) whether the alleged "closeness" of the facts in this cause mandates a reversal when any "substantial" error is found to exist.

We affirm.

Plaintiff Sophie Kyowski testified at trial as follows: On January 15, 1973, between 6 and 6:30 p.m. plaintiff was "shopping" at the Chadley Shoe Store at 4866 West Irving Park Road. Upon leaving the store she proceeded to cross Irving Park (a six-lane road) in a southerly direction at the crosswalk located at Lamon, a north-south street which ends on the south side of Irving Park. (This is generally referred to as a "T" intersection.) Looking east plaintiff observed an automobile approximately one block away proceeding westbound on Irving Park. After crossing the lane closest to the north curb (parking lane), plaintiff observed that the auto was only one-half block away. When plaintiff approached the third lane of traffic going west, the auto was only 15 feet away. Plaintiff then attempted to step back, but she was struck by the front center portion of the auto. Plaintiff did not hear any horn or brake noise prior to the impact. She estimated that the car was traveling 30 miles per hour. Plaintiff could not recall what happened after she was struck by the auto.

Robert Ness, manager of the Lyon & Healy Music Store at 4902 Irving Park, testified that on January 15, 1973, at approximately 5:30 to 5:45 p.m., he heard a "loud screech" of brakes outside the store. He observed a woman lying in the street in front of the Fay Hoosin store located next door at 4904 Irving Park. He also observed an auto stopped in the third westbound lane, about five feet beyond the woman. Ness described traffic as "quite heavy" at the scene of the accident and stated that cars were "parked solidly along the north curb."

Arthur Fager, a naprapath,[1] testified that he treated plaintiff on nine occasions between April 1973 and June 1973. His treatments involved "manipulative techniques to the ligaments." He testified that the practice

---

[1] Webster's Third International Dictionary (1976) defines naprapathy as "a therapeutic system of drugless treatment by manipulation depending on the theory that disease symptoms result from disorder in the ligaments and connective tissues."

of naprapathy does not require a license. The court sustained defendant's motion to strike Fager's testimony, finding that plaintiff failed to "connect" Fager's testimony to the alleged accident.

Dr. Kirk, head of the Department of Orthopedic Surgery at Northwest Hospital, testified that on January 15, 1973, he examined plaintiff in the emergency room at Northwest Hospital. His examination revealed that plaintiff had sustained fractures of the pelvic bone and a fractured left femur. He also stated that her injuries resulted in a deformity commonly known as "knock knees."

Chicago police officer Shimkus testified as follows: On January 15, 1973, at approximately 5:30 p.m. he received a call directing him to proceed to Irving Park and Lamon. After arriving at the scene, Officer Shimkus conducted an investigation and determined that the accident occurred in front of 4904 West Irving Park. On January 16, 1973, plaintiff told Shimkus at Northwest Hospital that she did not remember what had happened.

Defendant Christine Estes Burns testified to the following: On January 15, 1973, at approximately 5:30 p.m., accompanied by her friend Mary Ellen, defendant was driving westbound on Irving Park in the lane closest to the street center. As she neared Lamon, she observed traffic was heavy; there were cars ahead, behind and to the right of her car.

Defendant first observed plaintiff near the right of her car "an instant" prior to contact which occurred above the right front wheel of defendant's auto at a point 50 to 75 feet west of the intersection at Lamon. Defendant was able to stop her car within two car lengths west of the point of impact. Defendant first aided plaintiff; then she entered the uniform store located immediately west of the Fay Hoosin store and called the police.

Mary Ellen Wauck testified as follows: She was a passenger in Ms. Burns' auto which was traveling west on Irving Park. She observed cars parked "all along the curb lane" and described traffic conditions as "moderately heavy." Ms. Wauck first observed plaintiff when she was only three to four feet to the right of the car. Plaintiff was then hit by defendant's car "just above the right front wheel." Ms. Wauck testified that the accident occurred in front of the uniform shop, approximately 60 to 70 feet west of the intersection of Lamon and Irving Park.

In a special interrogatory the jury found plaintiff guilty of contributory negligence and returned a verdict in favor of defendant.

I

■■ Plaintiff contends that defense counsel committed error in attempting to introduce as evidence statements contained in Officer Shimkus' police report. Plaintiff objects specifically to the officer's

testimony that his "investigation" revealed the accident occurred at 4904 West Irving Park Road. Police reports generally are inadmissible "to divulge substantive evidence to the jury." (*Hall v. Baum Corp.* (1st Dist. 1973), 12 Ill. App. 3d 755, 760, 299 N.E.2d 156.) In the case at bar the officer's conclusion as to the location of the accident site was based upon his conversation with Robert Ness, Mary Ellen Wauck and defendant at the accident scene. Prior to the officer's testimony defendant testified that the accident had occurred at the west end of the Fay Hoosin store (4904 West Irving Park). Mr. Ness had also testified that he observed plaintiff lying in the street at 4904 West Irving Park, and defendant's car was stopped 10 to 15 feet further west. Ms. Wauck testified that the accident occurred in front of the Fay Hoosin store. In view of the fact that the jury heard testimony regarding the alleged point of impact from the three witnesses upon which the officer based his conclusions, the officer's testimony was merely cumulative and any error resulting was non-prejudicial. See *Jacobs v. Holley* (2d Dist. 1972), 3 Ill. App. 3d 762, 279 N.E.2d 186; *Clifford v. Schaefer* (1st Dist. 1969), 105 Ill. App. 2d 233, 245 N.E.2d 49.

We note that during direct examination of the officer, plaintiff's counsel attempted to use the police report to establish certain statements of defendant. He cannot now be heard effectively to complain of similar action by defense counsel. See *Forest Preserve District v. South Holland Trust & Savings Bank* (1st Dist. 1976), 38 Ill. App. 3d 873, 349 N.E.2d 689; *Economy Truck Sales v. Granger* (2d Dist. 1965), 61 Ill. App. 2d 111, 117, 209 N.E.2d 1.

## II

Plaintiff contends that defendant committed reversible error by attempting to impeach plaintiff's testimony and then failing to offer proof of the alleged impeachment. Plaintiff argues that defendant's failure to offer proof of plaintiff's alleged statements to Dr. Kirk infers that plaintiff had made "other" statements to Dr. Kirk. During cross-examination of plaintiff the following exchange occurred:

"Mr. Meyers: And did you tell him [Dr. Kirk] that you really didn't recall what happened? You really didn't remember being in an accident.

Mr. Fishman: I am going to object as to the time and place of these conversations, in an operating room or out of an operating room or which?

The Court: Objection sustained.

Mr. Meyers: Excuse me, Your Honor, this is within the knowledge—

The Court: *Are you going to tie it up with Dr. Kirk?*

Mr. Meyers: *I am.*

The Court: All right, she may answer.

\* \* \*

Plaintiff: Well I just told him I had an automobile accident and I was a pedestrian, and I got hit.

Mr. Meyers: And did you tell him you really didn't remember anything other than that.

Plaintiff: After I got hit I don't know. I didn't—

\* \* \*

The Court: All right did you make a statement to Dr. Kirk that you didn't know what had happened?

Plaintiff: *That is right. I told him that I was in an accident and I don't know what happened after I got hit.*

The Court: Okay that is her answer.

Mr. Meyers: Did you tell him you didn't know what happened before you got hit?

A: Before I got hit?

Q: Yes did you tell him you don't remember what happened?

A: I told him I was walking across the street and got hit.

Q: Did you tell him you didn't recall or remember being hit?

A: I told him I didn't remember after I got hit." (Emphasis added.)

■ Once the foundation is laid for impeachment of a witness who denies making the prior statement, it is incumbent on the examining party to offer evidence of such statement. (*Crespo v. John Hancock Life Insurance Co.* (1st Dist. 1976), 41 Ill. App. 3d 506, 520, 354 N.E.2d 381.) Where the witness admits having made the prior statement, however, extrinsic evidence is not required. (*Goldstein v. Hertz Corp.* (1st Dist. 1973), 16 Ill. App. 3d 89, 305 N.E.2d 617.) In the case at bar plaintiff admitted telling Dr. Kirk that "I don't know what happened after I got hit."

■ Moreover, during cross-examination of Dr. Kirk, defense counsel asked if plaintiff had told the doctor that "she really didn't recall what had happened in the accident." Dr. Kirk answered: "No not exactly. She was crossing the street. The only thing she remembers—She remembers she was in an accident." We believe Dr. Kirk's testimony regarding plaintiff's statement was sufficient to relieve any inference that plaintiff had made "other" statements to Dr. Kirk.

Plaintiff further contends that it was error for defense counsel to argue to the jury that plaintiff "never knew what happened" at the time of the accident. During closing argument defense counsel stated:

"That's lawyers talk. \* \* \* I don't really think that she is aware of what happened in the accident. I think someone later or some time afterward—it was suggested to her and it was put to her

saying yes. I was there. There was a crosswalk there and I was walking across the crosswalk * * *."

Plaintiff alleges it was prejudicial for defense counsel to use the phrase "lawyer talk" and infer plaintiff's testimony was contrived. We note that during plaintiff's closing argument plaintiff's counsel made the following remarks:

"About the west angle, *that's lawyer stuff*. That's when you drag people stuff. That's when the lawyers go out and have witnesses march up and down, which we didn't do with Mr. Ness. We just subpoenaed him. *That's manufactured evidence*." (Emphasis added.)

■ A party should not be heard to complain of comments to the jury by opposing counsel when he indulges in similar comments during his own argument. (*Jamison v. Lambke* (1st Dist. 1974), 21 Ill. App. 3d 629, 316 N.E.2d 93.) Any impropriety in defense counsel's use of the term "lawyer talk" would seem to result in no substantial prejudice.

### III

■ Plaintiff contends that the court erred in sustaining defendant's motion in limine which prevented plaintiff's counsel from referring to repairs made on defendant's car subsequent to the accident. Evidence of such subsequent repairs generally is not admissible. (*Seipp v. Chicago Transit Authority* (1st Dist. 1973), 12 Ill. App. 3d 852, 299 N.E.2d 330.) Testimony of repairs made subsequent to the accident is competent only where evidence is also introduced to show that the damage repaired had resulted from the accident and remained unchanged between that time and the time of the repair. *Champion v. Knasiak* (1st Dist. 1974), 25 Ill. App. 3d 192, 200-01, 323 N.E.2d 62.

The court allowed examination regarding damage resulting from the accident in the instant case. We find no prejudice in the court's restriction with regard to repairs made subsequent to the accident.

### IV

Plaintiff contends that the court erred in permitting defendant to introduce photographs which allegedly did not accurately depict the conditions at the time of the accident. She argues defendant's photographs fail to show a "painted crosswalk," a bus stop, and a no parking sign which existed at the intersection at the time of the accident. The fact that conditions at the intersection had changed at the time the photographs were taken does not necessarily render them inadmissible. (See *Warner v. City of Chicago* (1978), 72 Ill. 2d 100, 105, 378 N.E.2d 502.) The admission of photographs is within the sound discretion of the trial court, and its ruling will not be disturbed absent a clear abuse of

discretion. *Kravenas v. Algonquin Township* (2d Dist. 1973), 13 Ill. App. 3d 1000, 1002, 301 N.E.2d 490.

● 6 In the case at bar the court allowed introduction of defendant's photographs for the limited purpose of cross-examining plaintiff regarding the location of the stores at the accident scene. The court ruled that cars portrayed in the photographs, and the absence of white lane and crosswalk markings, should be disregarded by the jury. Even if there are substantial changes in the appearance of the scene, photographs are admissible if it was demonstrated that the changes were explained to the members of the jury so that they are able to understand the photographs and will not be misled. (*Casson v. Nash* (1st Dist. 1977), 54 Ill. App. 3d 783, 370 N.E.2d 564.) We find no prejudicial error in allowing introduction of defendant's photographs for such limited purposes.

## V

Plaintiff contends defendant committed error by referring to traffic conditions subsequent to the accident. Plaintiff alleges it was error for defense counsel to "repeatedly" ask Officer Shimkus whether traffic was heavy when the officer arrived at the scene after the accident. The court sustained plaintiff's objection, advising the jury that the officer had not witnessed the accident. In view of the action of the court in sustaining the objection, we find no substantial prejudice to plaintiff.

Plaintiff next contends that defense counsel erred in closing argument in contending that Officer Shimkus and Robert Ness testified that traffic conditions were heavy. However, the record indicates that defense counsel did not argue that the officer had so testified. Defense counsel did argue what the officer had in fact stated—that defendant's car was moved to allow the flow of traffic to resume.

■ A party is allowed wide latitude during closing argument, including reasonable inferences drawn from the evidence. (*Jamison v. Lambke* (1st Dist. 1974), 21 Ill. App. 3d 629, 636, 316 N.E.2d 93.) We find that defendant's argument regarding traffic conditions was based on the testimony of witnesses at trial, and that reasonable inferences were drawn from the evidence.

## VI

■■ ■ Plaintiff contends that the court erred in striking the testimony of Arthur Fager, a naprapath. Plaintiff argues that the court struck Fager's testimony because the witness was not licensed. However, the record indicates that the court struck Fager's testimony because his testimony concerning treatment of plaintiff's leg was not "tied up" with her alleged injuries resulting from the accident. In striking the testimony the court stated:

"I ruled on that argument. I've stricken that because it was not connected with the injury in question, causal connection, and the fee is stricken because of—it wasn't tied up with the injury in question. It's immaterial whether the man is licensed or not."

Evidence which is admissible subject to being connected should be stricken if not so connected (see *Craft v. Acord* (4th Dist. 1974), 20 Ill. App. 3d 231, 235, 313 N.E.2d 515), and a court's determination that evidence is irrelevant is largely within the discretion of the court, and its ruling should not be reversed absent a clear abuse of discretion. (*Ferdinand v. Yellow Cab Co.* (1st Dist. 1976), 42 Ill. App. 3d 279, 355 N.E.2d 547.) We do not consider the court's action in this instance as an abuse of discretion.

## VII

Plaintiff contends that the court erred in requiring plaintiff to lay a foundation before introducing defendant's prior statements contained in a deposition. Plaintiff argues that she is permitted to introduce admissions directly into evidence without asking the witness whether she had made the prior statements. We note that plaintiff does not contend that the court's action prevented introduction of defendant's statements but protests only that plaintiff was required to afford defendant an opportunity to admit or deny the prior statements.

The record indicates that the court's action resulted in no actual prejudice to plaintiff since plaintiff was in fact permitted to introduce the prior statements. The party asserting error must demonstrate how he was prejudiced, and absent a clear showing of prejudice, it will not be assumed by a court of review. *O'Brien v. Walker* (1st Dist. 1977), 49 Ill. App. 3d 940, 364 N.E.2d 533.

## VIII

■■ Plaintiff contends that the court erred in not declaring a mistrial because defense counsel failed to comply with the rules of discovery. Plaintiff alleges that during cross-examination of Officer Shimkus, defense counsel used to refresh the officer's recollection a prior statement which had not been revealed to plaintiff. It is a general rule that imposing sanctions against a party for noncompliance with the discovery rules is within the discretion of the trial judge. (*Carlson v. General Motors Corp.* (1st Dist. 1972), 9 Ill. App. 3d 606, 619, 289 N.E.2d 439.) Factors to be considered by the court are surprise to opposing counsel, the prejudicial effect, diligence of opposing counsel in seeking discovery, timely objection and good faith. *Blakely v. Johnson* (1st Dist. 1976), 37 Ill. App. 3d 112, 115, 345 N.E.2d 814.

■■ In the instant case plaintiff's counsel delayed objecting until the close of defendant's case even though he apparently learned of the statement soon after the officer had testified. Officer Shimkus was available to testify after the statement was tendered to plaintiff's counsel, but defense counsel chose not to further examine him. Moreover, the fact that the statement was used solely to refresh the officer's recollection indicates that no substantial prejudice resulted to plaintiff from the alleged delay in disclosure of the statement.

### IX

■■ Plaintiff contends that "the case was close on the facts" and thus any substantial error causing prejudice to plaintiff would mandate a reversal. It is a fact that where a jury could have decided for either party, any substantial error which might have "tipped the scales in favor of the successful party calls for a reversal." (*Clemons v. Alton & Southern R.R. Co.* (5th Dist. 1977), 56 Ill. App. 3d 328, 370 N.E.2d 679.) However, the objective of a reviewing court is not to determine whether the record is totally free of error but whether any error occurred which substantially prejudiced plaintiff and affected the outcome below. (*Kincl v. Hycel, Inc.* (1st Dist. 1977), 56 Ill. App. 3d 772, 792, 372 N.E.2d 385. See *Needy v. Sparks* (1st Dist. 1977), 51 Ill. App. 3d 350, 372, 366 N.E.2d 327.) We find that no substantial prejudice occurred in this case.

For the foregoing reasons we find no reversible error and affirm the jury's verdict for defendant.

Affirmed.

STAMOS, P. J., and HARTMAN, J., concur.