**Douglas A. BRAGER, Individually, Douglas A. Brager and Patresa Brager, as Co–Administrators of the Estate of Jonathan A. Brager, and Patresa Brager, Plaintiffs,**

v.

**Betty FEE, Defendant/Counter–Plaintiff,**

v.

**Douglas A. BRAGER, Counter–Defendant.**

No. 88–1132.

United States District Court, C.D. Illinois.

Nov. 8, 1990.

Raymond Rose, Peoria, Ill., for plaintiffs.

Daniel Johns, Peoria, Ill., for counter-defendant.

Nicholas Bertschy, William Makovic, East Peoria, Ill., for defendant/counter-plaintiff.

## ORDER

MIHM, District Judge.

Before the Court is a Motion by Douglas A. Brager, as Counter–Defendant, to dismiss subparagraphs 2(g) and 2(h) of Betty Fee's Counterclaim for Contribution. The Court grants this Motion (# 41).

---

## BACKGROUND

This case was originally brought by the Plaintiffs, who are all citizens of the State of Illinois, against the Defendant Betty Fee, who is a citizen of the State of Missouri. On May 17, 1988, Betty Fee filed a counterclaim for contribution against Douglas A. Brager. The basis for the jurisdiction of this Court is diversity of citizenship under 28 U.S.C. § 1332.

On November 14, 1988, the Court struck subparagraph 2(e) of Betty Fee's counterclaim for contribution. On May 16, 1990, Betty Fee moved for leave to amend her counterclaim for contribution against Douglas A. Brager. Douglas Brager represented to the Court that he had no objection to the Motion for Leave to Amend; however, he did contest the legal sufficiency of the alleged amendment and he asserted that the counterclaim was similar to the earlier counterclaim that the Court struck from the record. On June 8, 1990, this Court granted the Motion for Leave to Amend Betty Fee's counterclaim for contribution. On June 19, 1990, Douglas Brager filed the Motion to Dismiss which is currently at issue.

The facts giving rise to this suit occurred on or about November 24, 1987 at around 1:45 p.m. in Tazewell County, Illinois. Douglas Brager was operating a motor vehicle in a northerly direction along the Manito Blacktop with his four year old son, Jonathan A. Brager, as a passenger in the vehicle. Betty Fee was operating an automobile in a westerly direction on the Townline Road near the intersection of the Manito Blacktop. Betty Fee ran into the side of Douglas A. Brager's car at the intersection of the Townline Road and the Manito Blacktop. The Plaintiffs allege that Betty Fee failed to stop at the intersection and negligently injured Douglas Brager and killed his son Jonathan A. Brager. Betty Fee, as stated earlier, has filed a counterclaim for contribution against Douglas Brager.

Douglas Brager (hereinafter "Brager") has moved to dismiss the following allegations in paragraphs 2(g) and 2(h) of Betty Fee's counterclaim for contribution:

2(g) That plaintiff, Douglas A. Brager, failed to properly, or at all, secure or restrain Jonathan A. Brager inside his auto by means of locking the rear car doors and closing the rear windows in the "up" position so that he would not be ejected therefrom in the event of a collision.

2(h) That plaintiff, Douglas A. Brager, failed to properly supervise the conduct of Jonathan A. Brager in that he failed to properly secure or place Jonathan A. Brager in the automobile so that he would not be ejected therefrom in the event of a collision.

(*See*, Betty Fee's Motion for Leave to Amend the Counterclaim for Contribution filed on May 16, 1990).

## DISCUSSION

Brager is moving to dismiss Betty Fee's amendment to her Counterclaim for Contribution under Rule 12(b) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. He notes that Betty Fee included a subparagraph 2(e) in her original counterclaim which read as follows:

2(e) The plaintiff, Douglas A. Brager, failed to secure Jonathan A. Brager by means of a seat belt and/or car seat.

Brager asserts that paragraphs 2(g) and 2(h) of Betty Fee's amendment to her counterclaim are attempting to assert essentially the same defense asserted in paragraph 2(e) which was earlier dismissed by the Court on November 14, 1988. Brager contends that the basis for the Court's earlier ruling was that the failure to wear or place another in a seat belt is not negligence as a matter of law and cannot constitute the proximate cause of an accident.

Under the Child Passenger Protection Act, Ill.Rev.Stat. ch. 95½, §§ 1101 *et seq.*, a parent is required to secure a child under the age of four in a child restraint system and secure a child age four to six in a child restraint system or a seat belt. However, the Act provides in § 1105 that:

In no event shall a parent or guardian's failure to secure a child under six years of age in an approved child restraint

system or properly secure such child in an approved system constitute contributory negligence or be admissible as evidence in the trial of any civil action.

Similarly, the driver and front seat passenger in a motor vehicle are required to wear a properly fastened and adjusted seat belt. However, Illinois statutory law provides that:

Failure to wear a seat safety belt in violation of this section shall not be considered evidence of negligence, shall not limit the liability of an insurer, and shall not diminish any recovery for damages arising out of the ownership, maintenance or operation of a motor vehicle.

Ill.Rev.Stat. ch. 95½, § 12–603.1.

Brager notes that a number of Illinois Appellate Courts formerly held that failure to wear a restraining device was admissible on the issue of mitigation of damages, but that failure to wear a seat belt could not be considered evidence of causation of the accident and, consequently, was not evidence of negligence or contributory negligence. *See, Eichorn v. Olson*, 32 Ill.App.3d 587, 335 N.E.2d 774 (3rd Dist.1975); *Hale v. Cravens*, 129 Ill.App.2d 466, 263 N.E.2d 593 (4th Dist.1970). However, the Illinois Supreme Court in *Clarkson v. Wright*, 90 Ill.Dec. 950, 483 N.E.2d 268, 108 Ill.2d 129 (1985), rejected that position taken by Illinois Appellate Courts and held that evidence of failure to wear a seat belt was inadmissible for any purpose. The rationale of the court was that there was no duty to wear the restraining device and that there was no duty to anticipate the negligence of another; consequently, the failure to wear the seat belt could not be considered a proximate cause of the accident. *Clarkson*, 90 Ill.Dec. at 951–952, 483 N.E.2d at 269–270.

Further, Brager asserts that in the case of *Dunn v. Baltimore and Ohio Railroad Company*, 130 Ill.Dec. 409, 537 N.E.2d 738, 127 Ill.2d 350 (5th Dist.1989), the appellate court reaffirmed the proposition that there is no general duty to anticipate the negligence of another. As the court stated in *Dunn:*

We believe that the imposition of a general duty to anticipate and guard against the negligence of others would place an intolerable burden on society.

*Id.* 130 Ill.Dec. at 416, 537 N.E.2d at 745. Brager maintains that, while under special circumstances there may be a duty imposed upon one person to anticipate the negligence of another due to a particular relationship, that relationship has not been recognized in the context of motor vehicle accidents.

In response, Betty Fee asserts that the Illinois seat belt statute, Ill.Rev.Stat. ch. 95½, § 603.1, the Child Passenger Protection Act, Ill.Rev.Stat. ch. 95½, § 1101 *et seq.*, and the Illinois Supreme Court opinion in *Clarkson v. Wright*, 90 Ill.Dec. 950, 483 N.E.2d 268, 108 Ill.2d 129 (1985) (which discussed law prior to the enactment of the Illinois Seatbelt Act), are inapplicable to this case because neither subparagraph 2(g) nor 2(h) is based upon either a failure to wear seat belts or a failure to restrain Jonathan A. Brager in the child restraint system.

As noted earlier, paragraph 2(g) basically alleges that Brager failed to lock the rear doors and rear windows so that his son would not be ejected in the event of a collision. Paragraph 2(h) alleges that Brager failed to properly secure or place his son in the automobile so he would not be ejected from the auto in the event of a collision. It is correct that paragraph 2(g) does not by its wording refer to seat belts or a child restraint system. However, paragraph 2(h) clearly alleges matters that would fall under the prohibition of liability against a parent under the Child Passenger Protection Act as it alleges that Douglas Brager failed to properly secure his son. To this Court's knowledge there is not another way to secure someone in an automobile without the use of a seat belt or a child restraint system.

 Betty Fee further argues that there is no Illinois authority which would require the application of the Illinois seat belt statute or the Child Passenger Protection Act to protect a third party from their negligence in failing to restrain another party.

This Court disagrees. Although the safety belt law does not mention anything about third parties, the Child Passenger Protection Act, Ill.Rev.Stat. ch. 95½, § 1105, clearly provides that a parent or guardian's failure to secure a child in a child restraint system shall not constitute contributory negligence or be admissible as evidence. Therefore, paragraph 2(h) of Betty Fee's Counterclaim must be dismissed on this basis.

■ With regard to the claim that Douglas Brager failed to lock the door or leave the window up, Betty Fee asserts that none of the statutory authorities nor the case law provided by Brager's counsel deals with the issue of third party negligence as a contributing cause of death of a minor Plaintiff. In other words, she asserts that she is not alleging any negligence of the minor Plaintiff, but only the negligence of a third party, Douglas Brager. She concedes that a plaintiff has no general duty to anticipate the negligence of another. *See, Dunn,* 130 Ill.Dec. at 416, 537 N.E.2d at 745. However, she asserts that this argument would only have merit if she were alleging negligence on the part of the minor Plaintiff, Jonathan A. Brager. She contends that she has alleged negligence on the part of a third party, Brager, which can form the basis for a contribution action as well as a defense to any recovery sought by Brager under the Illinois Wrongful Death Act as a lineal next of kin of Jonathan A. Brager. Further, she asserts that it has long been the law of Illinois that if one of the next of kin negligently contributes to the cause of death of a decedent, the negligence of that next of kin does not bar recovery by the estate, but any award made by the jury may not include damages for pecuniary injuries suffered by the next of kin whose negligence contributed to cause the death of the decedent. Illinois Wrongful Death Act, Ill.Rev.Stat. ch. 70, § 2(c).

The Court disagrees with Betty Fee. Although the actions of Brager may have exacerbated his son's injuries which resulted in his son's death, the actions which were allegedly taken by Brager in paragraphs 2(g) and 2(h) of Betty Fee's counterclaim for contribution do not constitute negligence which was the proximate cause of the accident. *See, Hale v. Cravens,* 263 N.E.2d 593, 596–597, 129 Ill.App.2d 466. Since the alleged conduct by Brager could not have proximately caused the accident, his conduct did not negligently contribute to the cause of death of his son as is required under the Illinois Wrongful Death Act, Ill.Rev.Stat. ch. 70, § 2(c).

The Court does not believe that Douglas Brager had the duty to anticipate and guard against the negligence of Betty Fee. *See, Dunn,* 130 Ill.Dec. at 415–416, 537 N.E.2d at 744–745; *Clarkson,* 90 Ill.Dec. at 951–952, 483 N.E.2d at 269–270. As the Illinois Supreme Court stated in *Clarkson:*

> We agree with the majority view that failure to use a seat belt was not negligence or contributory negligence which caused the accident out of which plaintiff's injuries arose. At most, the failure to use a seat belt created a condition which possibly may have increased the severity of the plaintiff's injuries.

*Clarkson,* 90 Ill.Dec. at 951, 483 N.E.2d at 269. The court went on to note that the presence of a seat belt in an automobile does not create a duty to wear it anymore than the presence of a protective helmet in the automobile would create a duty to wear that. *Id.* at 952, 483 N.E.2d at 952. After making these statements, the Court then noted that its findings were consistent with the newly passed seat belt law. *Id.*

## CONCLUSION

Therefore, the Court GRANTS the Motion by Douglas Brager to Dismiss paragraphs 2(g) and 2(h) of Betty Fee's counterclaim (# 41) because Brager had no duty to guard against the negligence of Betty Fee and because these actions were not the proximate cause of the accident.